**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JAMES TURNER,

        Plaintiff,

v.                                             Case No:   6:23-cv-580-RBD-LHP

NATIONAL FIRE & MARINE
INSURANCE COMPANY,

        Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **DEFENDANT'S SHORT-FORM MOTION TO COMPEL DISCOVERY (Doc. No. 30)**
>
> **FILED:**     **June 29, 2023**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Defendant National Fire & Marine Insurance Company seeks to compel Plaintiff James Turner to: (1) serve mandatory initial disclosures; (2) respond to Defendant's Request for Production and Interrogatories served on May 17, 2023; and (3) provide dates for Plaintiff's deposition.  Doc. No. 30.  According to

Defendant, Plaintiff has provided none of the above, and has refused to participate in discovery. *Id.* at 2. Defendant also seeks to recover reasonable fees and expenses for filing the motion pursuant to Fed. R. Civ. P. 37(a)(5)(A). *Id.*

Plaintiff, who at all times has been represented by counsel, has not responded to the motion, and his time for doing so has expired. *See* Doc. No. 26 ¶ 5 (providing that opposition briefing to a discovery motion must be filed no later than five days after the motion). *See also* Fed. R. Civ. P. 6(a)(1)(C). Accordingly, the Court deems the motion to be unopposed in all respects. *See* Doc. No. 26 ¶ 5 (stating that failure to file a timely response *will* result in the discovery motion being deemed unopposed). *See also Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed).

Upon review of the unopposed motion, and the related discovery attached, the Court finds Defendant's motion well taken. The Court further finds sanctions

under Federal Rule of Civil Procedure 37 warranted.  Rule 37 provides that when, as here, a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).  While the rule permits the Court to decline to award sanctions under certain circumstances, Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii), Plaintiff has been provided an opportunity to be heard, and has not presented any information or argument suggesting that those circumstances apply here.

Accordingly, it is **ORDERED** as follows:

1. Defendant's Short-Form Motion to Compel Discovery (Doc. No. 30) is **GRANTED**.

2. On or before **July 24, 2023**, Plaintiff shall serve on Defendant his mandatory initial disclosures.  *See* Fed. R. Civ. P. 26(a)(1).

3. On or before **July 24, 2023**, Plaintiff shall produce all documents in his current possession, custody, or control responsive to Defendant's First Request for Production.  *See* Doc. No. 30-1, at 1–9.

4. On or before **July 24, 2023**, Plaintiff shall serve on Defendant complete, sworn answers to Defendant's First Set of Interrogatories.  *See* Doc. No. 30-1, at 12–19.

5.     All objections to the discovery at issue have been waived by the failure to timely respond to the motion to compel.  *See, e.g., Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned); *Bercini*, 2016 WL 11448993, at *2 (same); *LIMU Co., LLC v. Burling*, No. 6:12-cv-347-Orl-TBS, 2013 WL 1482760, at *1 (M.D. Fla. April 11, 2013) (same).

6.     On or before **July 24, 2023**, the parties are **DIRECTED** to meet and confer on the selection of a date for Plaintiff's deposition, with such deposition to take place within **sixty (60) days** from the date of this Order.  If Plaintiff fails to meet and confer with Defendant by July 24, 2023, then Defendant may unilaterally notice Plaintiff's deposition.  *See* Middle District Discovery (2021) § II.A.1.

7.     On or before **July 24, 2023**, Plaintiff and Defendant shall meet and confer in good faith to determine an amount of reasonable fees and expenses that should be awarded to Defendant for the filing of the present motion.  The parties shall file a joint notice of the amount agreed upon by **5:00 p.m. on July 25, 2023**.  If the parties are unable to reach an agreement by that time, Defendant shall file a motion, supported by appropriate documentation, for reasonable fees and expenses incurred in filing the present motion.  That

motion shall be filed by **August 1, 2023**.  Given the lack of response both to the discovery and to the present motion, any award of fees and expenses shall be levied jointly and severally against both Plaintiff and his counsel.

**8.** **Plaintiff and Plaintiff's counsel are advised that failure to comply with this Order may result in the imposition of sanctions.** See **Fed. R. Civ. P. 37(b).**

**DONE** and **ORDERED** in Orlando, Florida on July 10, 2023.

_Leslie Hoffman Price_
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 5 -